# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILSON JARROW** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2872** |
| **STATE OF LOUISIANA** | **SECTION "R"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE**.

**PROCEDURAL HISTORY**[1]

On April 17, 2007, petitioner, Wilson Jarrow, was charged by bill of information with aggravated flight from an officer in violation of LSA-R.S. 14:108.1(C) (Count 1); and illegal possession of stolen things valued at $500.00 or more in violation of LSA-R.S. 14:69 (Count 2). (St. rec., vol. 1, p. 5). Jarrow pled not guilty at arraignment.

On September 13, 2007, Jarrow withdrew his not guilty plea and pled guilty to both charges. As to Count 2, Jarrow entered an *Alford* plea. In accordance with a plea agreement, Jarrow was sentenced, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, to two years at hard labor on Count 1, and six years at hard labor on Count 2. The court further ordered that the sentences be served concurrently with each other, and with Jarrow's sentences in two other cases.

On the same day, the State filed a habitual offender bill of information, alleging Jarrow was a second felony offender. Pursuant to a sentencing agreement, Jarrow admitted to the allegations in the habitual offender bill. The district court vacated Jarrow's original sentence on Count 2 and imposed an enhanced sentence of six years at hard labor. The court ordered that the sentence run concurrently with Jarrow's other sentences.

---

[1] A portion of the procedural history was taken from the Louisiana Fifth Circuit Court of Appeal's opinion, *State v. Jarrow*, 9 So.3d 905 (La. App. 5 Cir. 2009).

On June 13, 2008, Jarrow filed an application for post-conviction relief in the district court. The court construed the application as a request for an out-of-time appeal, and it granted Jarrow an appeal in an order dated June 23, 2008.

On February 25, 2009, the Louisiana Fifth Circuit Court of Appeal affirmed Jarrow's convictions and sentences, but remanded the matter with instructions that the district court "amend the commitment to conform to the [sentencing] transcript." *Jarrow*, 9 So.3d at 910. Jarrow did not seek direct review from the Louisiana Supreme Court.

On June 17, 2009, Jarrow filed an application for post-conviction relief. (St. rec., vol. 2). On August 5, 2009, the state district court denied Jarrow's post-conviction application. (St. rec., vol. 2). On July 20, 2010, the Louisiana Fifth Circuit, finding "no error in the trial court's denial of [Jarrow's] application for post-conviction relief," denied Jarrow's writ application. *State v. Jarrow*, No. 2010-KH-0555 (La. App. 5 Cir. 2010) (unpublished opinion). (St. rec., vol. 2). On August 11, 2011, the Louisiana Supreme Court likewise denied Jarrow post-conviction relief. *State ex rel. Jarrow v. State*, 67 So.3d 1261 (La. 2011).

On November 11, 2011, Jarrow filed the instant habeas corpus petition. Jarrow's sole claim for relief is that he received ineffective assistance of counsel. In its response, the State concedes that Jarrow's habeas application is timely and that he has exhausted his state court remedies. (Fed. rec. doc. 8, p. 3). Accordingly, the court shall proceed to address the merits of Jarrow's claim following its review of the facts and standard of review.

**FACTS**[1]

Since Jarrow entered guilty pleas in this case and there were no pre-trial motion hearings, the facts which led to the instant charges are found only in the State's offer of a factual basis for the guilty pleas. The prosecutor made the following statement in open court:

> On March the 26th of [2007], the Jefferson Parish Sheriff's Office representatives saw [Jarrow] engaged in what appeared to be a hand-to-hand drug transaction. They went to investigate, [Jarrow] then took off with the vehicle, and there was a high-speed chase during which [Jarrow] did approximately fifty miles an hour in a twenty mile-an-hour zone and traveled against the flow of traffic forcing several vehicles to leave the road. When he eventually stopped, he fled from the vehicle and fled from the officers on foot. The vehicle had a defeated steering column.

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

---

[1]The facts are taken from the Louisiana Fifth Circuit Court of Appeal's opinion, *Jarrow*, 9 So.3d at 907.

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams[ v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

5

**ANALYSIS**

**Ineffective Assistance of Counsel**

The seminal case for adjudicating a habeas petitioner's ineffective assistance of counsel claim is *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984), which places on petitioner the burden of demonstrating not only that his counsel's performance was deficient, but also that he was prejudiced as a result of counsel's deficient performance. If a court finds that a petitioner has made an insufficient showing as to either one of the two prongs of inquiry, it may dispose of the claim without addressing the other prong. *Id*.

Under the deficient performance prong of the *Strickland* test, "... it is necessary to 'judge...counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993), quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. "'An attorney's performance, which enjoys a strong presumption of adequacy, is deficient if it is objectively unreasonable.'" *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996), quoting *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995), *cert. denied*, 519 U.S. 1142, 117 S.Ct. 1017, 136 L.Ed.2d 893 (1997). To prove prejudice under the *Strickland* standard, a petitioner "... must show that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Jarrow argues that counsel was ineffective due to "his failure to investigate and interview the owners of the vehicle Ms. Annie [Vondyke] [and] her son Timothy Kirk and witness Ms. Melissa Bordelon", Kirk's girlfriend at the time of the incident. (Fed. rec., doc. 1, Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, p. 9).[2] In support of his claim, Jarrow has attached to his petition a sworn statement from Melissa Bordelon, dated May 23, 2008, which provides:

> On Monday, March 27, 2007, I, Melissa Bordelon, along with Timothy Kirk, gave Wilson Jarrow permission to use the vehicle in question, a red Oldsmobile Cutlass, License Plate # OIN283. The steering colum [sic] had been defeated before the vehicle was loaned to Mr. Jarrow. At no time was the car stolen or ever reported stolen.

Jarrow's reliance on Bordelon's statement to support his ineffectiveness claim is misplaced. As reflected in the police report regarding the incident, Bordelon's version of events is not corroborated by either Vondyke or Kirk.

The police report reflects that Vondyke was the "registered owner" of the car. (St. rec., vol. 3, March 26, 2007 report, p. 8). Upon interviewing Vondyke, police were informed

---

[2] In his petition, Jarrow refers to "the owners of the vehicle" as "Annie Vandyke" and "Timothy Kirk". In the police report, discussed *infra*, they are referred to as "Annie Vondyke" and "Timothy Curtis". The State's response employs the names "Vondyke" and "Kirk". For the purpose of this Report and Recommendation, the pertinent individuals will be referred to as "Annie Vondyke" and "Timothy Kirk".

that while registered to her, the "vehicle belonged to her son Timothy [Kirk]." *Id*. Upon arriving at the scene where the car was located, Timothy Kirk "identified the vehicle" and "stated that he **did not authorize anyone to use his vehicle and was unaware the vehicle was missing**. [Emphasis added.]" He further informed "that he wished to pursue criminal charges for the **theft of his vehicle**. [Emphasis added.]"

Clearly, Ms. Bordelon neither owned the vehicle nor had she been given possession of the vehicle. As such, she had no authority to give Jarrow "permission to use the vehicle". Further, Timothy Kirk, who did possess the car, unequivocally stated that Jarrow did **not** have permission to use his car.

Based upon the above, the court finds that it would have been futile for counsel to conduct an investigation by interviewing Bordelon, Vondyke and/or Kirk in an effort to support Jarrow's claim that he had borrowed, rather than stolen, Kirk's car. Thus, Jarrow was not prejudiced by counsel's alleged deficiency in this regard. As such he has failed to satisfy *Strickland's* two-prong test. Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Wilson Jarrow, be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[3]

New Orleans, Louisiana, this __27th__ day of _____January_____, 2012.

*(signature)*

LOUIS MOORE, JR.
United States Magistrate Judge

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.